NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 15 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50461 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00504-JFW-1 |
| v. | |
| KIMBERLY ANN HERNANDEZ, AKA Ramona Vigil, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted March 9, 2018
Pasadena, California

Before: TASHIMA and NGUYEN, Circuit Judges, and SIMON,** District Judge.

Kimberly Ann Hernandez ("Hernandez") appeals her jury convictions for

conspiracy to commit bank fraud; bank fraud and attempted bank fraud; conspiracy

to steal mail and to possess stolen mail; and possession of stolen mail. Hernandez

raises two issues on appeal, relating to the admission of certain evidence and the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

sufficiency of the evidence to sustain her conviction for conspiracy to commit bank fraud. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, Hernandez argues that the court erred in admitting evidence relating to her theft of a purse. We review the district court's evidentiary rulings for abuse of discretion. *United States v. McFall*, 558 F.3d 951, 960 (9th Cir. 2009).

The district court admitted this evidence after concluding that it was "inextricably intertwined" with the charged offenses of possession of stolen mail and conspiracy to steal mail. As this Court has previously explained:

> We have recognized two categories of evidence that may be considered "inextricably intertwined" with a charged offense and therefore admitted without regard to Rule 404(b). First, evidence of prior acts may be admitted if the evidence constitutes a part of the transaction that serves as the basis for the criminal charge. Second, prior act evidence may be admitted when it was necessary to do so in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime.

*United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004) (internal quotation marks and citations omitted). The district court did not abuse its discretion in concluding that evidence of Hernandez's theft of the purse was inextricably intertwined with the charged offenses. Although Hernandez admitted driving her passengers to the community mailbox, she denied getting out of the car. Her admitted theft of the purse and the fact that a credit card from the purse was found in the gutter near the community mailbox several hours later is circumstantial,

16-50461

albeit not dispositive, evidence that Hernandez did not remain in the car as she claims. Also, the fact that Hernandez stole the purse and that the contents of the purse's wallet were strewn throughout Hernandez's car is relevant to show a common plan by the alleged co-conspirators. It allows the reasonable inference that the individuals who took part in the mail theft intended to share the proceeds of that theft, just as they had apparently agreed to share the proceeds of Hernandez's theft of the purse.

Hernandez also objected that the evidence of her theft of the purse should have been excluded under Rule 403 of the Federal Rules of Evidence. The district court did not abuse its discretion by concluding that the probative value of this evidence was not substantially outweighed by the risk of unfair prejudice.

Second, Hernandez argues that the evidence at trial was insufficient to sustain her conviction for conspiracy to commit bank fraud. We review a claim of insufficiency of the evidence by asking "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McFall*, 558 F.3d at 955 (citation and quotation marks omitted) (emphasis in original).

To prove conspiracy, the government generally must establish: "(1) an agreement to engage in criminal activity, (2) one or more overt acts taken to implement the agreement, and (3) the requisite intent to commit the substantive

crime." *United States v. Grasso*, 724 F.3d 1077, 1086 (9th Cir. 2013) (citations omitted). The government also must prove that the defendant had a "knowing connection . . . with the conspiracy." *Id.* (quoting *United States v. Meyers*, 847 F.2d 1403, 1413 (9th Cir. 1988)). "The government may rely on circumstantial evidence and inferences drawn from that evidence in order to prove [a] defendant's knowing connection to the conspiracy." *Id.*

Viewing the evidence in the light most favorable to the prosecution, shortly before her arrest, Hernandez attempted to negotiate a check that she knew had been stolen. Also, at the time of her arrest, she was in possession of another stolen check. Further, two of her co-defendants had fraudulently negotiated checks. This is sufficient to establish a *modus operandi* of Hernandez and her co-defendants. Further, on the same evening as the mail theft, Hernandez stole a purse at the urging of her passengers, and the contents of the purse, which could be used to commit bank fraud, were strewn throughout the car along with the stolen mail. This is circumstantial evidence that the four defendants intended to share the profits of the crimes carried out that evening, and a rational jury could conclude that they shared a common goal of stealing mail and using the contents of that mail to commit bank fraud, just as they had apparently agreed to share the proceeds of Hernandez's theft of a purse. There is sufficient evidence of the crime of conspiracy to commit bank fraud to sustain the jury's verdict.

16-50461

**AFFIRMED**.

16-50461